## Gilbert v. Gilbert's Committee.

(Decided March 17, 1914.)

### Appeal from Clay Circuit Court.

1. Estates—Care and Attention—Action For—Insane Persons—Pleading.—The law is well settled that to justify a recovery for services rendered by a son for taking care of and providing for an invalid father, there must be a promise to pay, that is a contract express or implied. In the absence of a formal or express contract there must be facts and circumstances alleged from which the court may imply that there was a mutual understanding to that effect between the parties.

2. Pleading—Conclusion of Pleader.—The statement in an amended petition that the father fully expected to pay for the services is merely a conclusion of the pleader.

JONES & MANNING for appellant.

RAWLINGS & WRIGHT for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is prosecuted from a judgment sustaining demurrer to appellant's petition and the two amendments thereto.

Lincoln Gilbert was adjudged non compos mentis in 1911 and the appellee, his son-in-law, was appointed committee to take charge of and manage his affairs. David Gilbert, a son, and the appellant here, brought the action to recover of the committee $780.00. He alleges that during the four years before his father

was adjudged incapable of managing his estate he was an invalid, practically helpless, and required constant assistance, nursing and attention, and that during said years he, the appellant, cared for his father and provided for him all proper and necessary nursing, support and attention. He says this service was worth $150.00 per annum, or a total of $600.00, and no part of it had ever been paid to him. He also sues for nine months care, nursing and attention of his father after his incapacity was adjudged, alleging that during said time he was wholly helpless and that he had charge of, and took care of his father during said nine months, furnishing him all necessary support and assistance. He claims this service is worth $20.00 per month, or a total of $180.00, and none of which has ever been paid to him. He contents himself with alleging further that his demand was just and due, and that the estate of his father, who by the way is still alive, or-was when the demurrer was sustained, was reasonably worth $4,000.00 and which sum was ample to secure for his father all necessary comforts and attention so long as he lived. Claiming that his father owed no other debts, he prayed for a judgment against his estate. When the court sustained a demurrer to this petition he amended with the allegation that he, appellant, is a married man and has no funds or means of his own except as he earns same by his daily labor, and that he also knew that his father was able to pay him for nursing and taking care of him, and that he rendered this service to his father with a view of being compensated therefor; that this service to his father consumed all of his time, and but for the fact that he expected to be paid for it he could not have afforded to render it, and that after the appellee was appointed as committee, "he stood by and permitted this plaintiff to continue his services for his father."

Demurrer was sustained to this petition as amended. He then filed a second amendment in which he alleged that his father was in his right mind until about the time he was adjudged non compos and that his "father fully expected to pay this plaintiff a reasonable compensation for these services and all of same, and with this expectation received the services and the benefits thereof." As above stated demurrer was also sustained to this.

The law is well settled that to justify a recovery for services such as are here charged for, there must be a promise to pay, that is, a contract express or implied, or as sometimes expressed, a mutual understanding on one part to charge and on the other to pay. In the absence of a formal or express contract there must be facts and circumstances alleged from which the court may imply that there was a mutual understanding to that effect between the parties. The sufficiency of the petition is also to be tested by the rule of Peak v. Gorver, 14 K. L. R., 206:

"Courts should regard with suspicion claims brought against decedent's estates for personal services rendered by members of his family, unless a contract therefor or a promise to pay the amount charged be clearly proved; an implied assumpsit to pay for work and labor in such case will not be sustained, where the conduct, situation, and mutual relationship between the parties shows that it would be unjust."

Judged by these principles, we are of opinion that the petition as amended is fatally defective in as much as there is no allegation of a contract or promise to pay, express or implied. The nearest approach to it is the statement in his second amended petition that his father fully expected to pay for the services. This is merely a conclusion, or an opinion of the pleader and is unsupported by the facts and circumstances set forth. While the petition shows that Lincoln Gilbert needed nursing, care and attention, it does not appear that it was necessary for his son, the appellant, to perform this service. It is apparent there was a daughter, and it is no where alleged that this daughter or her husband, the committee, or Lincoln Gilbert's wife and other children, if there were any, had deserted or abandoned him. So far as the allegations are concerned they, or some of them, may have been also performing for the old man a similar service with the expectation of making a like charge against his estate. Construing the pleadings most strongly against him these are warrantable deductions. The presumption of law in cases of this sort is that a son will take care of a father in his afflictions through a sense of love and filial duty. Such circumstances as are shown in these pleadings do not support appellant's conclusion that the father expected to pay. For instance, appellant says that the father had ample property and was able to pay

while the son was very poor and dependent upon his day's wages for a living and unable to work without pay, and that for four years before he was adjudged non compos he was in his right mind and, of course, he must have known of this financial condition of his son, and yet he says that his father did not pay him anything. If in fact he expected to pay him, he certainly would have paid something, or promised expressly so to do.

With reference to his charge against the committee, he merely says that the committee knew he was performing the service. That fact does not imply a promise to pay, particularly when the pleadings do not show that the committee was neglecting the old man or refusing to afford him proper comforts and attention.

We are of opinion that the lower court properly sustained demurrers to appellant's petition as amended, and the judgment is, therefore, affirmed.